SEVERAL TRACTS OF LAND ET AL. V. STATE OF NEBRASKA.

FILED FEBRUARY 8, 1906.   No. 14,317.

Tax Suit: APPEARANCE. In a tax suit under the "Scavenger" act, the action of the district court in disregarding a volunteer and unauthorized appearance of an attorney purporting to answer for all defendants in default and in rendering a default decree against such defendants, *held* to be proper.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John O. Yeiser* and *Henry W. Pennock*, for plaintiffs in error.

*John P. Breen, W. H. Herdman* and *A. G. Ellick, contra.*

LETTON, J.

A petition was filed in the district court for Douglas county under the provisions of the "Scavenger" act on July 1, 1904. On September 1, 1904, being the last day for the filing of answers by the owners of the several tracts of land embraced in the petition, John O. Yeiser, attorney at law, filed in the suit an answer for himself, as owner of a certain lot in the city of Omaha. In the answer he recited that he came "for himself and on behalf of all owners of real estate in the county of Douglas, state of Nebraska, whose property is sought to be foreclosed herein, who have not paid the alleged taxes claimed by the plaintiff thereon, who have not appeared or answered herein, for whom said John O. Yeiser volunteers to appear and answer as their attorney." The answer is very general and indefinite, and attacks the validity of the special assessments in various undesignated paving, sewer and improvement districts. At the time provided by the law for the entry of a default decree, the district court rendered a decree upon default against all the tracts of land embraced in the tax petition for which no answers had been filed, but entered no decree against the tract belonging to John O. Yeiser. Within three days a motion for a new trial was filed, purporting to be by "each of the defendants in the above entitled cause for whom John O. Yeiser volunteered to appear and answer," the grounds of the motion being that the decree was contrary to law, was not sustained by sufficient evidence and was rendered by default when the tracts were not in default of answering. A like motion for a new trial was filed, purporting to be by "each and every tract or parcel of land for which answer was filed by John O. Yeiser." Afterwards,

at the next term of the district court, a motion was filed by the state and the city of Omaha that the appearance of Yeiser for all owners of property except himself be vacated and the answer of Yeiser as to such defendants be stricken from the files. At the hearing upon this motion it appeared that prior to the entry of the decree certain orders had been made by the court allowing certain owners to file answers in the case, and as to such defendants the motion was overruled, but otherwise it was sustained, and afterwards the motions for new trial were overruled.

The petition in error filed by Mr. Yeiser in this court alleges the rendition of the default judgment and the overruling of a motion for a new trial, and assigns the same grounds of error that were set forth in the motions for a new trial, and, in addition thereto, that the court erred in striking out a part of the answer after the decree and adjournment. It appears that the tax petition contained a description of about 22,000 tracts of land and that the owners of only about 2,000 of these tracts filed answers before the time of default. It is apparent therefore that Mr. Yeiser undertook or volunteered to appear for about 20,000 clients. So far as the answer applied to the tract of land of which he was the owner, the court recognized it and took no default against him, but as to all the other tracts, except where the owners appeared before the day for the default decree to be rendered and ratified and adopted the answer of Yeiser, the court disregarded the volunteer appearance of Yeiser, and the filing of the answer, and rendered a default decree against them. None of the owners of any of these tracts appear to be in this court complaining of this action. It is true that in the bill of exceptions of the evidence upon the hearing of the motion to strike the appearance and answer of Yeiser a number of papers appear, presumably signed by the owners of tracts included in the decree, which appear to have been executed after the decree, but no one is here in court complaining of the entry of the decree but Mr. Yeiser. He, however, has suffered no prejudice, and no final judg-

ment has ever been rendered against him, so far as the record shows. With the authorities cited with regard to ratification of an unauthorized appearance of an attorney we have no fault to find, but think that they are not applicable to the cause under consideration. The "Scavenger" act is a special law complete within itself, which furnishes a systematic method of enforcing the collection of delinquent taxes, and whose orderly administration should not be interfered with by such a voluntary and unauthorized appearance as was made. It seems from his statement that the attempted appearance was made with the motive of preventing a default decree from being rendered against any persons who, perhaps by inadvertence, were not aware of the fact that a law of this nature had recently been enacted and whose rights the attorney desired to preserve. However laudable this motive might be, in a recent case, *State v. Several Parcels of Land, ante,* p. 538, this court held that, even after the default decree has been rendered in a tax suit, a number of remedies are preserved to any person against whose property taxes have been assessed by fraud, mistake or gross injustice, hence, the argument based upon necessity falls.

While the action of the court at the subsequent term may have been irregular, it merely made at that time a written record of what it had actually done at a former term, that is, entirely disregarded the appearance and answer of Yeiser, except as to his own tract of land and as to the persons who ratified his action before the decree. Since we are of the opinion that the court was justified in disregarding his answer and appearance at the former term, any action taken at the latter term was without prejudice.

The judgment of the district court is

AFFIRMED.